UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:11-cv-80364-RYSKAMP

| | |
|---|---|
| THEODORE CLIMO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>OFFICE DEPOT, INC., STEVE ODLAND, MICHAEL D. NEWMAN and NEIL R. AUSTRIAN,<br><br>　　　　　　　　　Defendants. | CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF CENTRAL LABORERS' PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.   PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased Office Depot, Inc. ("Office Depot" or the "Company") common stock between July 27, 2010 and March 31, 2011, inclusive (the "Class Period"). The complaint charges Office Depot and certain of its officers and directors with violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA").

Class member Central Laborers' Pension Fund ("Central Laborers") hereby moves this Court for an order: (i) appointing Central Laborers as Lead Plaintiff in the Action; and (ii) approving Central Laborers' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel. This motion is made on the grounds that Central Laborers is the most adequate

plaintiff as defined by the PSLRA. Central Laborers suffered a loss of $96,112 in connection with its purchases of Office Depot stock during the Class Period. *See* Wilens Decl. Ex. B.[1] In addition, Central Laborers, for purposes of this motion, adequately satisfies the requirements of Federal Rules of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class. Accordingly, Central Laborers' motion should be granted.

## II.   FACTUAL BACKGROUND[2]

Office Depot is a global supplier of office products and services. The Company sells its products and services to consumers and business through three business segments: North American Retail Division, North American Business Solutions Division and International Division. Sales are processed through multiple channels, consisting of office supply stores, a contract sales force, an outbound telephone account management sales force, internet sites, direct marketing catalogs and call centers, all supported by a network of supply chain facilities and delivery operations.

The Complaint charges that, during the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the Complaint alleges that: (1) $80 million in carryback tax "benefits" Office Depot recognized during the Class Period of the second, third and fourth quarters of 2010 were not permitted; (2) $63 million in current tax receivables associated with the carryback amount should not have been reported on the Company's balance sheet on December 25, 2010; (3) Office Depot's financial results were not

---

[1]   References to the "Wilens Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Douglas Wilens in Support of Motion of Central Laborers Pension Fund for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated June 6, 2011, and submitted herewith.

[2]   These facts are drawn from the allegations in the initial complaint filed in the Action.

reported in compliance with Generally Accepted Accounting Principles ("GAAP") during the Class Period; (4) Office Depot's financial statements overstated the Company's assets and profits in violation of GAAP throughout the Class Period; (5) the Company's internal controls were inadequate to prevent it from improperly inflating the value of its earnings and assets throughout the Class Period; and (6) defendants overstated Office Depot's business and financial metrics during the Class Period.

On March 31, 2011, after the close of trading, defendants issued a release entitled "Office Depot Announces Restatement of 2010 Financial Results Following Denial of Tax Claim." Rather than the net earnings of $33 million Office Depot had previously reported for fiscal 2010, the Company would report a net loss of $46 million and an increase in the net loss attributable to common shareholders from $2 million to $82 million. Additionally, the $63 million current tax receivable associated with the purported tax carryback benefit would be removed from the Company's balance sheet, which was expected to significantly reduce anticipated 2011 operating cash flow.

As alleged in the complaint, Office Depot's Chief Financial Officer admitted that Office Depot had been in discussions with its tax advisors about the viability of carrying back certain net operating tax losses to prior tax years under economic stimulus-based tax legislation enacted in 2009 throughout the Class Period. None of this had been disclosed to investors.

On this news, the price of Office Depot shares declined substantially failing to $4.21 on April 1, 2011 on unusually high trading volume of more than 29 million shares.

**III.    ARGUMENT**

    **A.    Central Laborers Should Be Appointed Lead Plaintiff**

        **1.    The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice regarding the pendency of the Action was published on *Globe Newswire*, a national, business-oriented newswire service, on April 6, 2011. *See* Wilens Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).[3]

### 2. Central Laborers Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Central Laborers Has Timely Filed a Lead Plaintiff Motion

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on June 6, 2011. *See* 15 U.S.C. §78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA, and within the requisite timeframe after publication of the required notice (published on April 6, 2011), Central Laborers timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

A representative of Central Laborers has duly signed a certification stating that it is willing to serve as the representative party on behalf of the class. *See* Wilens Decl. Ex. C. In addition, Central Laborers has selected and retained competent counsel to represent it and the class. *See* Wilens Decl. Ex. D. Accordingly, Central Laborers has satisfied the individual requirements of the PSLRA and is entitled to have its application for appointment as Lead Plaintiff considered and approved by the Court.

#### b. Central Laborers Has the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by the accompanying signed certification and loss chart, Central Laborers purchased Office Depot stock during the Class Period and was injured thereby. *See* Wilens Decl. Ex. B, C. In fact, Central Laborers incurred a substantial loss of $96,112 on its transactions in Office

---

[3] Unless otherwise noted, all emphasis is added and citations are omitted.

Depot securities. *See* Wilens Decl. Ex. B. Upon information and belief, Central Laborers has the largest financial interest of any other lead plaintiff movant in the Action. 15 U.S.C. §78u-4(a)(3)(B).

### c.  **Central Laborers Otherwise Satisfies Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *18 (S.D. Fla. Apr. 18, 2008). Central Laborers satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiffs' claims and the class claims "share the same 'essential characteristics as the class at large.'" *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19; *see also Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008) ("With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same

course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members.")  "[T]ypicality [does not] require that all putative class members share identical claims, and [it] may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large." *In re MIVA, Inc.*, 2008 U.S. Dist. LEXIS 21108, at *10 (M.D. Fla. Mar. 12, 2008).

Central Laborers satisfies this requirement because, just like all other class members, it: (1) purchased Office Depot common stock during the Class Period; (2) was adversely affected by the defendants' false and misleading statements; and (3) suffered damages thereby.  Thus, Central Laborers' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Central Laborers to represent the class to the existence of any conflicts between its interests and the interests of the members of the class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) & (bb).  "The adequacy requirement is satisfied where, as here: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19.

Here, Central Laborers is an adequate representative of the class because its interests in the Action are clearly aligned with those of the members of the class, and there is no evidence of any antagonism between Central Laborers' interests and those of the other members of the class. Further, Central Laborers has taken significant steps which demonstrate that it will protect the interests of the class in that it has retained competent and experienced counsel to prosecute these

claims. In addition, as shown below, Central Laborers' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Accordingly, Central Laborers *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this motion.

### B.     The Court Should Approve Central Laborers' Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Central Laborers has selected Robbins Geller to serve as Lead Counsel, a firm with substantial experience in the prosecution of shareholder and securities class actions. *See McIlvaine v. Arthrocare Corp.*, Civil Case No. 9:08-cv-80343-KLR (S.D. Fla. July 10, 2008) ("Upon review of the firm's credentials, this Court finds that [Robbins Geller] possess the requisite experience in litigating securities class actions to represent the interests of the potential class members."); *Grand Lodge of Pa. v. Peters*, 2007 U.S. Dist. LEXIS 48191, at *8 (M.D. Fla. June 22, 2007) (approving of selection of Robbins Geller predecessor firm); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *4 (M.D. Fla. Jan. 18, 2007) (same); *see also* Wilens Decl., Ex. D. Accordingly, the Court should approve Central Laborers' selection of Lead Counsel.

### IV.    CONCLUSION

For all the foregoing reasons, Central Laborers respectfully requests that the Court: (i) appoint it Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED:  June 6, 2011                              ROBBINS GELLER RUDMAN & DOWD LLP

                                                               s/ *Douglas Wilens*
                                                              DOUGLAS WILENS

                                         PAUL J. GELLER (FL Bar No. 984795)
                                         pgeller@rgrdlaw.com
                                         DAVID J. GEORGE (FL Bar No. 0898570)
                                         dgeorge@rgrdlaw.com
                                         DOUGLAS WILENS (FL Bar No. 0079987)
                                         dwilens@rgrdlaw.com
                                         SABRINA E. TIRABASSI (FL Bar No. 25521)
                                         stirabassi@rgrdlaw.com
                                         120 East Palmetto Park Road, Suite 500
                                         Boca Raton, FL  33432
                                         Telephone:  561/750-3000
                                         561/750-3364 (fax)

                                         [Proposed] Lead Counsel for Plaintiff

                                         CAVANAGH & O'HARA
                                         JOHN T. LONG
                                         407 East Adams Street
                                         Springfield, IL  62701
                                         Telephone:  217/544-1771
                                         217/544-9894 (fax)

                                         Additional Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                                               s/ *Douglas Wilens*
                                                              DOUGLAS WILENS